IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case Nos.   07 C 7124 |
| | ) | 07 C 7125 |
| AUTOMOTIVE PROFESSIONALS, INC., | ) | 07 C 7127 |
| | ) | |
| Debtor. | ) | Honorable John F. Grady |
| | ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| | ) | On Appeal of Final Orders of |
| | ) | Honorable Carol A. Doyle in |
| | ) | Bankruptcy Case No. 07-6720 |

RESPONSE OF ILLINOIS DIRECTOR OF INSURANCE TO
TRUSTEE'S MOTION FOR REASSIGNMENT

Appellants, the People of the State of Illinois *ex rel.* Michael T. McRaith, Director of Insurance of the State of Illinois, in his capacity as statutory and court-affirmed conservator of Automotive Professionals Inc. ("the Director"), and by his undersigned counsel, hereby responds to the Trustee's Motion for Reassignment of the above-captioned appeals ("the current appeals") to the Honorable Joan Humphrey Lefkow. The motion should be denied for the following reasons:

**INTRODUCTION**

1.   The current appeals are brought by the Director pursuant to 28 U.S.C. § 158(a)(1) from three final orders of the bankruptcy court approving settlement agreements between the Trustee and, respectively, (1) Travelers Indemnity Company, (2) Herb Chambers Companies, and (3) "Certain Dealers" ("the final orders").

2.       Prior to the entry of the final orders, the Director attempted to bring two interlocutory appeals pursuant to 28 U.S.C. § 158(a)(3) ("the interlocutory appeals"). In the first, No. 07-C-3750, the Director sought leave from Judge Lefkow to appeal to from the denial of his motion to dismiss the bankruptcy case. In the second, No. 07-C-4152, the Director sought review from Judge Lefkow of an order compelling him, in his capacity as conservator of API's assets, to turn over any property of the estate in his possession. In a Memorandum Decision entered on October 23, 2007, Judge Lefkow denied the Director's requests for leave to bring either interlocutory appeal. ("Exhibit A"). Accordingly, Judge Lefkow "terminated" the prior appeals. Memorandum Decision, p.20.

3.       The Trustee, in her Motion for Reassignment, argues that the current appeals should be reassigned to Judge Lefkow under Local Rule 40.3.1(c) because the prior appeals are "sufficiently related" to the current appeals in that the prior appeals "involve[d] a number of the same legal issues and facts previously considered by Judge Lefkow." Trustee's Motion, ¶ 20; *see also* ¶ 22. The Trustee misreads Rule 40.3.1(c). Her motion should be denied.

**ARGUMENT**

4.       In the northern district, judicial assignments are made randomly by the clerk or by one of the deputy clerks. LR 40.1(b). Local Rule 40.1(a) provides generally that "[E]xcept as specifically provided by the rules of this Court or by

procedures adopted by the Court, the assignment of cases shall be by lot." LR 40.1(a).  The rules further provide that no case shall be transferred or reassigned from the calendar of a judge of the Court to that of another judge, "except as provided by the rules of this Court or as ordered by the Executive Committee." LR 40.1(d).

5. Rule 40.3.1 governs the assignment of bankruptcy appeals in the district court. Consistent with Local Rule 40.1, Local Rule 40.3.1(b) describes several specific bankruptcy "items" that must be assigned by lot to the judges that hear them.  Two items listed by the rule are (1) appeals brought pursuant to 28 U.S.C. § 158(a)(1), and (2) motions for leave to bring an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3).  LR 40.3.1(b).

6. Rule 40.3.1(c) creates a narrow exception to this Court's random assignment system and provides for "Direct Assignment for Rehearing" when there is activity in the bankruptcy court "following a district judge's consideration of any of the items described in section (b)."  The Trustee argues that the current appeals necessarily involves many of the same facts and law that were before Judge Lefkow in the interlocutory appeals, but Rule 40.3.1(c) is specific that a bankruptcy appeal must be randomly assigned by lot unless the case relates to the same "item" that was at issue in a prior appeal: "any subsequent proceedings in the district court *involving that item* shall be assigned to the district judge who considered *the item* initially." LR 40.3.1(c) (emphasis

3

added). Thus, the current cases, involving, as they do, the entry of final orders and subsequent appeals pursuant to 28 U.S.C. §158(a)(1), are not the same "item[s]" described by LR 40.3.1(b) that were before Judge Lefkow, *i.e.*, requests to bring interlocutory appeals pursuant to 28 U.S.C. § 158(a)(3). Accordingly, the current appeals are decidedly not, as the title of Rule 40.3.1(c) provides, "[r]ehearing[s]" of the same matter at issue in the prior appeals. That the current appeals may "involve a number of the same legal issues and facts previously considered by Judge Lefkow," Trustree's Motion, ¶20, is simply not grounds for transferring the case to Judge Lefkow under Rule 40.3.1(c). In fact, because such a transfer would not conform to Local Rule 40.3.1(c), transferring the case to Judge Lefkow would *violate* LR 40.1(d).

7.    The Trustee cites *Smith v. Check-N-Go, Inc.*, 200 F.3d 511 (7th Cir. 1999), *Southmark Corp. v. Cagen*, 950 F.2d 416 (7th Cir. 1991) and *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277 (N.D. Ill. 2002). Trustee's Motion, ¶ 23. None of these involved – or even discussed – Local Rule 40.3.1. Instead, each concerned two or more related matters that were pending *simultaneously* in the district court, and so consolidation of the higher-numbered case (or cases) into the lowest-numbered case was appropriate under Local Rule 40.4 (or its predecessor, Rule 2.31d). *See Smith*, 200 F.3d at 513, n.*; *Southmark Corp.*, 950 F.2d at 419; *Fairbanks Capital Corp.*, 2002 WL 31655277 at *2 -*3. *Fairbanks* makes this point

most clearly, discussing each of the four criteria for consolidation, including the requirement that all matters be "pending." *Id.* at *2. Here, because district case Nos. 07-C-3750 and 07-C-4152 were "terminated," they are no longer pending, Memorandum Decision, p.20., so one of the essential "Conditions for Reassignment" under Rule 40.4(b) is not met.

WHEREFORE, Michael T. McRaith, Director of Insurance of the State of Illinois, and in his capacity as statutory and court-affirmed conservator of Automotive Professionals Inc., asks that Trustee's Motion for Reassignment be denied.

Dated: January 4, 2008             Respectfully submitted,

PEOPLE OF THE STATE OF ILLINOIS,
*EX REL.* MICHAEL T. MCRAITH,
DIRECTOR OF INSURANCE IN THE STATE OF
ILLINOIS

By: LISA MADIGAN
   Attorney General
   State of Illinois

By:  /s/Allan V. Abinoja_____
   Ronald Rascia (IL ARDC # 3127629)
   Carl J. Elitz (IL ARDC # 6201131)
   Allan V. Abinoja (IL ARDC # 627442)
   Assistant Attorneys General
   100 West Randolph Street, 12th Floor
   Chicago, Illinois 60601
   (312) 814-3647
   (312) 814-2275 (facsimile)

**CERTIFICATE OF SERVICE**

I, Allan V. Abinoja, an attorney, certifies that on January 4, 2008, a true and correct copy of the Response of Illinois Director of Insurance to Trustee's Motion for Reassignment was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.

A copy was also served this day upon the following parties via first-class United States mail, postage prepaid:

United States Trustee
Office of the United States Trustee
227 West Monroe Street
Suite 3350
Chicago, Illinois 60606

Micah R. Krohn
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610

and upon the following party via fascimile:

Micah R. Krohn
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
Fax: (312) 276-0035

                                                     /s/Allan V. Abinoja